E-FILED
Thursday, 23 September, 2010  12:54:54 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| HIEU THI TRAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-cv-4074 |
| MICHAEL F. ASTRUE, *Commissioner of Social Security*, | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 17). On June 16, 2010, the Court granted the parties Agreed Motion, and remanded the matter to the Commissioner for further proceedings. (Doc. 15). Plaintiff's attorney attests that he performed 17.0 hours of work in appealing the decision of the Commissioner to this Court, and that his fees for this work are $2,947.12. Defendant has filed a Response, in which he notes that he does not oppose Plaintiff's request for attorney fees. (Doc. 19).

Under the EAJA, a district court shall award attorney's fees if "1) the claimant is a 'prevailing party'; 2) the government's position was not substantially justified; 3) no 'special circumstances make an award unjust'; and 4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." *U.S. v. Hallmark Const. Co.*, 200 F.3d 1076,

1078-79 (7th Cir. 2000) (*citing* 28 U.S.C. § 2412(d)(1)(A), (B); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990)). Here, Defendant does not dispute that these conditions are present.

The Court agrees that attorney's fees are proper under the EAJA. First, Plaintiff was the "prevailing party," as she obtained a remand to the Commissioner under "sentence four" of 28 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment…reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Second, Plaintiff has alleged that the Commissioner's position was not "substantially justified." The burden of proving that the Commissioner's position was substantially justified is on the shoulder's of the United States. *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004); *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003); *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003); *Libas, Ltd.,* 314 F.3d at 1365; H.R.Rep. No. 96-1005, at 10. *See also Hallmark Const. Co.*, 200 F.3d at 1079 ("the government bears the burden of proving that its position meets the substantially justified standard"). Where the government has put on no evidence or argument that its position was "substantially justified," it cannot be said that it has carried this burden. Further, no special circumstances rendering an award unjust have been identified, and the Court finds none. Finally, Plaintiff's Motion for EAJA fees was timely filed on September 10, 2010 and was accompanied by an itemized statement.[1]

---

[1] The petition for fees under the EAJA must be filed within 30 days after the expiration of the 60-day period allowed for an appeal from the final judgment in the

Plaintiff submits that her attorney did 17.0 hours of work in appealing the Commissioner's decision to this Court, and seeks fees for this work at the rate of $173.36 per hour, arguing that increases in the cost of living justify a higher rate than that set by statute.[2]  It is the plaintiff's burden to show that fees sought are reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Under 28 U.S.C. § 2412(d)(2)(A), the attorney-fee rate is $125 per hour, unless the Court determines that an increase in the rate is appropriate because of an increase in the cost of living.  The Seventh Circuit held in 2008 that, "given the passage of time since the establishment of the hourly rate [in 1996], a cost-of-living adjustment is warranted."  *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008) (approving a $161.85 rate for work done in 2006).  As noted above, Defendant challenges neither Plaintiff's claimed rate nor the time expended.  The Court finds that the increase in the cost of living justifies an hourly rate of $173.36.  *See McDaniel v. Astrue*, 07-cv-642-SEB-TAB, 2009 WL 2762720, *2 (S.D. Ind. Aug. 25, 2009) (approving $171.53 for work done in 2008); *Simms v. Astrue*, 08-cv-00094-PRC2009 WL 1659809, *7 (N.D. Ind. June 12, 2009) (approving $172.38 for work done in 2008); *Evans v. Astrue*, 07-cv-290, 2008 WL 5235993, *8 (N.D. Ind. Dec. 12, 2008) (approving

---

action.  *Richmond v. Chater*, 94 F.3d 263, 266 (7th Cir. 1996) (*citing* 28 U.S.C. §§ 2412(d)(1)(B), (2)(G); *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993))."  This language would seem to imply that the September 10, 2010, Motion was filed too early.  Plaintiff cites to *Koch v. United States Dept. of Interior*, in which the Tenth Circuit held that, under *Shalala v. Schaefer*, "a plaintiff may ask for attorney's fees even when the time for appeal has not elapsed."  47 F.3d 1015, 1021 (10th Cir. 1995) (*citing Schaefer*, 509 U.S. 292).

[2]Plaintiff calculates this rate based on cost-of-living increases, noted by the "all-items" Consumer Price Index, since the statutory rate was set.

$171.25 for work done in 2008). The Court also approves of Plaintiff's attorney's hours spent on this case, as listed in the Itemization of Hours. (Doc. 17-2).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees under the EAJA (Doc. 17) is GRANTED. The Court awards Plaintiff $2,947.12 in attorney's fees. Pursuant to *Astrue v. Ratliff*, ___ U.S.___, 130 S.Ct. 2521 (2010), Defendant is hereby ORDERED to pay to Plaintiff, Hieu Thi Tran, directly, the amount of $2,947.12. The government shall determine, forthwith, whether any part of that amount should be withheld pursuant to 31 U.S.C. §§ 3711 and 3716, which allows for the collection of a federal debt from the amount to be awarded to Plaintiff. The Clerk shall enter an amended judgment accordingly. The Clerk is DIRECTED to prepare an amended judgment to this effect.

Entered this 22nd day of September, 2010.

                                        s/ Joe B. McDade
                                        JOE BILLY McDADE
                                        United States District Judge